UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| ADRIENNE GEARHEART, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ELITE INSURANCE AGENCY, INC., et al.,<br><br>    Defendants. | Civil No. 15-103-ART<br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Adrienne Gearheart sued two insurance companies in state court. In her complaint, she alleges that the two companies failed to sell enough insurance to a motorist—in violation of federal regulations—whose haphazard driving later killed her husband. Although both of her tort claims mentioned the federal regulations, both were also hornbook examples of claims arising under state law: negligence and breach of contract. Nevertheless, the defendants removed the case to this Court, arguing that when Gearheart cited those federal regulations, she transformed her pair of state-law claims into federal ones. Gearheart now moves to remand and for attorney's fees. For the reasons that follow, both motions are granted.

I.

In September 2014, Freddie Lee Cochran was driving a semi-truck down Route 23 near Pikeville, Kentucky. R. 1-1 at 4 (state-court complaint). According to the complaint, Cochran was driving negligently that day and, as a result, crashed his truck into a car driven

by Wayne Gearheart. *Id.* Wayne Gearheart died at the scene of the crash, thus widowing his wife who soon became administratrix of his estate. *Id.* at 1, 4.

A year later, Adrienne Gearheart sued the two companies that had insured Cochran's truck—Elite Insurance Agency and United Financial Casualty Company—on her own behalf and as administratrix of her husband's estate. *Id.* at 2, 6. In her complaint, she alleges that state and federal regulations required the companies to issue at least $750,000 in insurance coverage on Cochran's truck. *Id.* at 3 (citing 601 K.A.R. 1:101 § 2; 49 C.F.R. § 387.9). Because the companies issued only $100,000, she says, they acted negligently and breached their contract with Cochran, thereby depriving her and her husband's estate of "fair[] and reasonabl[e] compensat[ion]" for various damages caused by the accident. *Id.* at 4. She asked the Court for two remedies: first, for a declaratory judgment that the insurance companies should have sold Cochran at least $750,000 in insurance; second, for money damages. *Id.* at 6. The defendants filed an answer, *id.* at 9–11, then removed the case to this Court on the basis of federal-question jurisdiction, R. 1 (notice of removal). Gearheart has now filed a motion to remand. R. 5.

II.

A.

A defendant may remove a case to federal court based on federal-question jurisdiction only if the plaintiff "could have brought [the case] in federal district court originally" as an action "arising under the Constitution, laws, or treaties of the United States." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (citing 28 U.S.C. §§ 1331, 1441(a)). Cases that "arise under" federal law fall into two categories. The first concerns those cases "in which federal law creates the cause of action asserted." *Gunn v.*

2

*Minton*, 133 S. Ct. 1059, 1064 (2013). The second—a "special and small category"—concerns cases in which state law provides the cause of action but the claim nevertheless "arises under" federal law for jurisdictional purposes. *Gunn*, 133 S. Ct. at 1064–65.

Given that Gearheart pled only simple negligence and breach of contract, one would think that the defendants would concede that her causes of action were not "created by" federal law. But hope springs eternal in litigation: the defendants' first argument is that Gearheart "specifically [pled] causes of action . . . under federal law." R. 6 at 3. The smaller problem with that argument is that the complaint nowhere identifies a federal law that creates the two causes of action—negligence and breach of contract—that Gearheart asserts. The larger problem is that there is no such law: Congress has never enacted an all-purpose code governing negligence or breach of contract (at least as between private parties). Indeed, Gearheart's claims for negligence and breach of contract are textbook examples of causes of action created by state law, not federal law. The defendants' argument—that Gearheart somehow pled a cause of action created by federal law *sub silencio*—is therefore without merit. *See Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708, 711–12 (6th Cir. 2012) (rejecting a similar argument).

The defendants' second argument is that Gearheart's claim falls into the second category of cases that "arise under" federal law, namely "state-law claims that implicate significant federal issues." *Fochtman v. Rhino Energy, LLC*, No. CIV. 13-104-ART, 2013 WL 5701468, at *1 (E.D. Ky. Oct. 17, 2013). As the Supreme Court noted two terms ago, it is not always easy to determine which cases fall into that category. *See Gunn*, 133 S. Ct. at 1065 ("In outlining the contours of this slim category, we do not paint on a blank canvas. Unfortunately, the canvas looks like one that Jackson Pollock got to first."). Even so, the

3

Supreme Court has made clear that a court has federal-question jurisdiction over a state-law claim only if that claim implicates a federal issue that is, among other things, a "substantial" one. *Id.*

"The substantiality inquiry [looks to] the importance of the issue to the federal system as a whole." *Id*. at 1066. For "it takes more than a federal element to open the 'arising under' door." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006) (citing *Grable*, 545 U.S. at 313). If an issue is "fact-bound and situation-specific," then it is far less likely to be a "substantial" federal issue. *Id.* To classify such claims as "arising under" federal law would "herald a potentially enormous shift of traditionally state cases into federal courts." *Hampton*, 683 F.3d at 713.

The Supreme Court first made clear this point in *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986). There, the plaintiff argued that the defendant had been presumptively negligent under Ohio law because it violated a federal misbranding prohibition. *Id.* at 805–06. The Supreme Court held that, although the trial court would need to apply federal law to resolve the claim, the claim nonetheless "arose" under state law, not federal law. Thus, the federal courts lacked federal-question jurisdiction over the claim. *Id.* at 807. In a later case, *Grable*, the Supreme Court made the point even clearer: federal courts simply do not have jurisdiction over a "garden variety state tort" claim even if that claim requires a court to interpret a federal law at some point along the way. 545 U.S. at 318.

The claims in Gearheart's legal garden are only slightly more exotic. It is true that, in addition to a state-law claim for negligence, Gearheart also appears to bring a state-law claim for breach of contract. In this way, her case differs from the precise claim at issue in *Merrell Dow*. But this distinction makes little difference, and the distinctions end there. The thrust

4

of Gearheart's argument is that federal regulations required the defendants to issue at least $750,000 in insurance to Cochran. Because they did not do so, Gearheart argues, they acted negligently and breached their contract with Cochran (a contract in which she says her husband had rights as a third-party beneficiary).

The only federal question visible anywhere on the horizon in this case is whether the federal regulations in fact required the defendants to provide a certain amount of insurance to Cochran. This is hardly the kind of federal question that is important "to the federal system as a whole." *Gunn*, 133 S. Ct. at 1066. Instead, this question is a "fact-bound and situation-specific" one that will not even "necessarily dispose of" this particular case. *Fochtman*, 2013 WL 5701468, at *2. And it certainly will not "determine the outcome of other cases." *Id.* Instead, this case is exactly what it appears to be: a run-of-the-mill state-law claim that the state courts will have little trouble deciding. *See Hampton*, 683 F.3d at 712–13.

In sum, the defendants have failed to show that the federal issue here is a "substantial" one. Nor have they come anywhere close to showing that federal law created the causes of action that Gearheart now brings. That means this case does not "arise under" federal law. Since that is the only basis for subject-matter jurisdiction that the defendants have identified, they have failed to show that Gearheart could have sued them originally in federal court. The Court must therefore grant Gearheart's motion to remand.

B.

Gearheart also asks the Court to award costs and expenses, including attorney's fees, that she incurred in preparing her motion to remand. R. 5 at 6. Under § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The standard for

5

awarding fees "turn[s] on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

The defendants had no objectively reasonable basis for seeking removal here. As the Supreme Court has made clear, a defendant may not remove a claim created by state law unless the claim implicates a "substantial" federal question. And nothing in any of the Supreme Court's cases—or those of the Sixth Circuit—should have given the defendants any confidence that this federal issue was one that a federal court would find "substantial." *See Merrell Dow*, 478 U.S. at 816 (rejecting the argument that a state-law tort claim raised a substantial federal question even though it required a court to interpret a federal misbranding provision); *Empire*, 547 U.S. at 690 (rejecting the argument that a breach-of-contract claim raised a substantial federal question even though it sought to "vindicate a contractual right contemplated by a federal statute); *Hampton*, 683 F.3d at 708 (rejecting the argument that a state-law claim raised a substantial federal question even though it required a court to interpret the Federal Railroad Safety Act); *Fochtman*, 2013 WL 5701468, at *2 (rejecting the argument that a state-law tort claim raised a substantial federal question even though it required a court to interpret the Federal Motor Carrier Safety Regulations). It was therefore objectively unreasonable for the defendants to think that Gearheart's state-law claim raised a substantial federal question.

To the extent that the defendants were pinning their hopes on arguing that federal law actually *created* Gearheart's cause of action, their removal gambit was even less defensible. Negligence and breach-of-contract actions between private parties are creatures of the states, not the federal government. *See Merrell Dow*, 478 U.S. at 816; *Empire*, 547 U.S. at 690.

That is something the defendants' lawyers certainly should have known. Put another way: when the defendants removed this case, they should have known that it would not stay removed for very long. Accordingly, the Court finds that the defendants' removal was objectively unreasonable and thus will grant Gearheart's motion for attorney's fees.

Accordingly, it is **ORDERED** as follows:

(1) Gearheart's motion to remand, R. 5, is **GRANTED**. The case is **REMANDED** to Pike Circuit Court.

(2) Gearheart's motion for costs, R. 5, is **GRANTED**. By **January 21, 2016**, Gearheart **SHALL FILE** a statement cataloguing her costs and expenses, including attorney's fees, incurred as a result of removal.

This the 7th day of January, 2016.

Signed By:
*Amul R. Thapar* AT
United States District Judge